# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMON HANNA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF FRESNO/FRESNO POLICE DEPARTMENT, THE COUNTY OF FRESNO/FRESNO COUNTY DISTRICT ATTORNEY'S OFFICE, FRESNO COUNTY DISTRICT ATTORNEY ELIZABETH A. EGAN, and DOES 1 through 100 inclusive,<br><br>　　　　　Defendants. | 1:12-CV-443  AWI DLB<br><br>ORDER VACATING HEARING, ORDER ON DEFENDANT'S MOTION TO DISMISS, AND ORDER REMANDING MATTER TO FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 4, 5) |

　　　This case was removed by Defendants on March 19, 2012, from the Fresno County Superior Court. Defendants have noticed for hearing and decision motions to dismiss under Federal Rules of Civil Procedure 12(b)(6). The matters were scheduled for hearing to be held on May 7, 2012. Pursuant to Local Rule 230(c), Plaintiff was required to file either an opposition or a notice of non-opposition no later than April 23, 2012. Plaintiff failed to do so. Due to Plaintiff's failure to file a timely opposition or notice of non-opposition, he is in violation of the Local Rules. Plaintiffs are further not entitled to be heard at oral argument in opposition to the motion. See Local Rule 230(c).

　　　The Court has reviewed Defendants' motion and the applicable law, and has determined that the motion is suitable for decision without oral argument. See Local Rule 230(h). The Court will issue the following order, which disposes of the Defendants' motion and remands this case to the Fresno County Superior Court.

**Factual Background**

Plaintiff filed suit in the Fresno County Superior Court on May 16, 2011, but did not serve the Fresno County District Attorney's Office until March 14, 2012.  Plaintiff's complaint alleges one federal cause of action under 42 U.S.C. § 1983 against Defendant Elizabeth Egan, and alleges state law causes of action against all Defendants for negligence, malicious prosecution, abuse of process, false arrest and imprisonment, negligent emotional distress, and right to liberty.

Plaintiff alleges that on April 12, 2010, the criminal prosecution against him was dismissed upon motion from the Fresno County District Attorney's office.  Plaintiff alleges the dismissal followed the inability to obtain a guilty verdict against him.  Plaintiff alleges that he was falsely prosecuted under Penal Code §§ 286(c)(2), 261(a)(2), and 664.  Plaintiff alleges that the criminal investigation was negligently conducted, and the resulting reports contained false information.  Plaintiff alleges that his prosecution was negligent and unjust, and was motivated by fraud and racial animosity.

**Defendant Egan's Motion**

*Defendant's Argument*

Egan argues that dismissal with prejudice of all claims against her is appropriate.  With respect to the federal claim, Egan argues that dismissal of this claim is appropriate because the factual allegations do not meet the elements of a § 1983 claim.  Egan also argues that she is entitled to Eleventh Amendment immunity and absolute prosecutorial immunity.

*Plaintiff's Opposition*

Plaintiff has filed no opposition or response of any kind.

*Legal Framework*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. If a Rule 12(b)(6) motion is granted, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

*Discussion*

    a.    42 U.S.C. § 1983 Claim

The Court agrees with Egan that the factual allegations in the Complaint fail to state a 42 U.S.C. § 1983 claim. That cause of action does not identify which federal law or Constitutional right was violated by Egan.

More importantly, however, the Complaint suggests that Egan was acting in her "prosecutorial capacity." Plaintiff has not challenged Egan's reading of the Complaint or Egan's arguments and assertions. That is, Plaintiff has failed to refute Egan's arguments that she is entitled to both Eleventh Amendment and absolute prosecutorial immunity. Therefore, even assuming that the 42 U.S.C. § 1983 claim was properly alleged, Egan is entitled to both Eleventh Amendment and absolute prosecutorial immunity. See Van de Kamp v. Goldstein, 129 S.Ct. 855, 860 (2009); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008); Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000); Roe v. City & County of San Francisco, 109 F.3d 578, 583-84 (9th Cir. 1997); Ashelman v. Pope, 793 F.2d 1072, 1078-79 (9th Cir. 1986). Dismissal of this claim with prejudice is appropriate. See id.

    b.    Remaining State Law Claims

The basis for removal to this Court was the presence of a federal question. However, the Court has dismissed with prejudice Plaintiff's only federal cause of action. When removal is based on the presence of a federal cause of action, a district court may remand the pendent or supplemental state law claims to the state court once the federal claims have been eliminated. See Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993). In fact, "it is generally preferable for a district court to remand remaining pendent claims to state court." Id. at 937. Since all

federal claims have been resolved and only state law claims remain, the Court will remand the remaining state law claims to the Kings County Superior Court.  See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The May 7, 2012, hearing date is VACATED;
2. Defendant Elizabeth Egan's motion to dismiss (Doc. No. 4) the 42 U.S.C. § 1983 claim against her is GRANTED with prejudice;
3. The Court declines to exercise supplemental jurisdiction over the remainder of Plaintiff's state law claims and expresses no opinion about those state law claims or about the City of Fresno's motion to dismiss (Doc. No. 5); and
4. The Clerk shall immediately REMAND this case to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   May 1, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE